IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10062
Conference Calendar

_____

VINCENT LEE BAKER,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Dept. of Criminal Justice,
Institutional Division,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CV-445-Y
- - - - - - - - - -
June 29, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Texas prisoner Vincent Lee Baker appeals the dismissal of his habeas corpus petition as an abuse of the writ pursuant to Rule 9(b), Rules Governing Section 2254 Cases in the U.S. District Courts.

"A second or successive petition may be dismissed . . . if new and different grounds are alleged, [if] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b), Rules

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Governing Section 2254 Cases in the U.S. District Courts. "To excuse his failure to raise [a] claim earlier, [a habeas petitioner] must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [the Supreme Court's] procedural default decisions." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Baker does not challenge the district court's finding that he did not contend in his previous petitions that his conviction was invalid. In his petition, Baker indicated that he had raised only jury misconduct as an issue in his second petition. This court's order denying Baker a certificate of probable cause in his previous appeal indicates that he did not contend that his enhancement conviction was invalid.

Baker does not contend in his initial appellate brief that he could show cause for not having raised in his previous petitions his contention regarding the invalidity of his prior conviction. This court will not review issues that are initially raised in a reply brief. *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir.), *cert. denied*, 493 U.S. 932 (1989). This court need not consider the contentions in Baker's reply brief.

Baker has not shown cause for his failure to raise in his previous petitions his contention that his enhancement conviction is invalid. Nor has he made a colorable showing of factual innocence. Baker does not allege that he is innocent of aggravated robbery, only that he should not have been convicted of the car-theft offense used to enhance the robbery sentence. Because Baker's appeal is frivolous, it is DISMISSED.

Additionally, and for the same reasons, Baker's petition for mandamus also is DISMISSED.